IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO TELEPHONE COMPANY

    Plaintiff,

        v.                        CIVIL NO.: 15-1837 (MEL)

EFRAIN J. AYALA RIVERA, et al.,

    Defendants.

**OPINION AND ORDER**

Currently pending before the court, among other motions, is plaintiff's motion to strike defendants' answer to the complaint as a sanction under Federal Rule of Civil Procedure 37(2)(A). A review of the procedural history of this case shows a continued failure of defendants to meet both self-imposed and court-imposed deadlines.

**I.   PROCEDURAL BACKGROUND**

On June 22, 2015, plaintiff filed a complaint against defendants alleging that they unlawfully obtained documents prepared by plaintiff. ECF No. 1. Default was originally entered on August 5, 2015 (ECF No. 19), but was subsequently set aside on August 10, 2015 (ECF No. 21). Defendants were ordered to file their answer to the complaint by August 14, 2015. ECF No. 21. This was the first deadline defendants failed to meet, rather their answer was filed on August 17, 2015. ECF No. 23

Next, on December 11, 2015, plaintiff filed a motion requesting sanctions under Federal Rule of Civil Procedure 11 in light of certain portions of defendants' answer that are not relevant here (ECF No.

27), but defendants failed to respond. On January 4, 2015, the same was deemed unopposed (ECF No. 36).[1]

On March 18, 2016 the parties were ordered to provide by March 21, 2016, the number of witnesses and expert witnesses they anticipate presenting at trial along with the length of their presentation of evidence. ECF No. 45. Although plaintiff timely filed a motion in compliance (ECF No. 48), defendants failed to do so. When no such information was provided by March 30, 2016, the first show cause order against defendants was entered, requiring them to "show cause as to why sanctions should not be imposed" by April 6, 2016. ECF No. 53. Defense counsel was further ordered on March 31, 2016, to clarify which defendants he represented (a matter not expressly stated in the answer to the complaint) by April 6, 2016. ECF No. 54. Defendants failed to comply with both of these deadlines. This resulted in the first sanction against defense counsel. On April 20, 2016 the court entered the following order:

> Counsel Gerardo A. De Jesús Annoni is hereby sanctioned in the amount of $500 for failure to comply with the orders issued by the court. See ECF No. 45, 53. Counsel is put on notice that failure to comply with the court's orders at ECF No. 45 and 53 by April 21, 2016 may result in the imposition of further sanctions. By the same date, April 21, 2016, counsel Gerardo A. De Jesús Annoni shall show cause as to why sanctions should not be imposed for failure to comply with the court's order dated March 31, 2016. See ECF No. 54.

ECF No. 55.

This was the second show cause order against defendants. Again, however, defendants did not comply in a timely manner, but did respond on April 22, 2016. ECF No. 56. Therein defense counsel admitted that he was receiving the court's orders via email. Id. at 2. He explained:

---

[1] Federal Rule of Civil Procedure 11 authorizes sanctions for improper representations to the court. The motion essentially alleges that the answer to the complaint contains "material factual allegations that are false and lack evidentiary support." ECF No. 27, at 1. The motion was denied without prejudice because the controversy went "to the heart of the factual allegations on which this case rests" and "the weighing of evidence is reserved for the factfinder." ECF No. 58. Plaintiff, however, filed a motion for reconsideration on May 6, 2016. Defendants never responded to that motion. On May 27, 2016, the motion was noted, but not resolved on the merits because the matter was more appropriately addressed "at the end of the litigation, after conclusive resolution by either dispositive motion or trial." ECF No. 69. Now over six months have elapsed since this issue was first raised, and defendants have yet to address the validity of plaintiff's allegations.

> They somehow passed unnoticed, and the only reason that counsel can in all honesty think of for this error is that while perusing his incoming messages he mistakenly confused the notifications of this Orders as notifications from other cases in which he is no longer counsel, but is still being notified, and thus he routinely does not open and ignores.

Id. As a result, the court reduced the sanction to $300. ECF No. 57. The court also warned that "[a]lthough his candor is appreciated, his decision to routinely disregard electronic notifications from the court does not excuse his obligation to stay apprised of his current cases." Id.

On May 6, 2016, plaintiff filed a motion regarding defendants' failure to answer a request for production of documents.[2] ECF No. 61. Plaintiff served defendants with a request for production of documents on January 26, 2016, and defendants first agreed to produce the answers by April 15, 2016. Id. at 2–3. After an in person meeting between counsel, the parties agreed to extend the deadline until April 22, 2016. Id. However, that deadline elapsed without defendants providing answers. Defendants again failed to respond to plaintiff's motion, and the same was deemed unopposed on May 27, 2016. ECF No. 69, at 3. On that same date, defendants were ordered to produce the requested documents by May 31, 2016. Id. at 4. Yet again, that deadline elapsed without action from defendants. On June 3, 2016, plaintiff informed the court that it had neither received the documents at issue nor received any communication from defendants. ECF No. 70. Plaintiff moved for the court to "take measures to ensure defendant's [sic] compliance," but did not request any specific sanction. Id.

On the same date, June 3, 2016, defendants were ordered by June 9, 2016 to respond to that motion (ECF No. 70) as well as an additional motion to compel that was pending (ECF No. 69). ECF No. 71. Defendants failed to do either. On June 17, 2016, plaintiff indicated once more that the documents at issue had not been provided nor had defendants communicated with plaintiff's counsel. ECF No. 72, at 1–2. Plaintiff then moved to strike defendants' answer to the complaint in whole and deem unopposed the pending motion to compel. Id. at 6.

---

[2] The motion to compel was first filed on May 4, 2016 (ECF No. 59), but was originally denied without prejudice for failure to comply with Local Rule 26's good faith certification requirements (ECF No. 60).

On June 21, 2016, the court ordered defendants to show cause by June 27, 2016 "as to why the answer to the complaint should not be stricken, default entered, and plaintiff's requested remedies granted."[3] ECF No. 73, at 3. This was the third show cause order to which defendants failed to respond in a timely manner.

## II. SANCTIONS

In determining appropriate sanctions the court looks to the severity of the violation, repetition of violation, deliberateness vel non of the misconduct, legitimacy of any excuse, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions. Vallejo v. Santini-Padilla, 607 F.3d 1, 8 (1st Cir. 2010); see also Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 37 (1st Cir. 2012) (applying the same standards for dismissal of the complaint as a sanction to the sanction of entry of default). Here defendants have ultimately brought this entire case to a halt because of a pattern of disregard for all deadlines. The court lessened the first sanction as a result of defendants' first explanation, but specifically warned counsel that negligent disregard of notifications from the court is not an acceptable excuse for failure to comply with deadlines. Further, the last time this court heard from defense counsel it was when he informed that he "routinely does not open and ignores" notification for other cases in which he is no longer counsel and must have confused notifications in this case for those. ECF No. 56. Since that response, plaintiff has filed four motions, which have gone unanswered along with every deadline set by the court in the interim.

Procedurally, when determining sanctions, the court must consider "whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty." Vallejo v. Santini-Padilla, 607 F.3d 1, 8 (1st Cir. 2010) (quoting Malloy v. WM Specialty Mortg. LLC, 512 F.3d 23, 26 (1st Cir. 2008). In this vein, defendants were put on notice that failure to show cause could result in, inter alia, the striking of their answer and entry of default. Defendants were given six

---

[3] Additionally, the previous sanction of $300 was doubled to $600, which defense counsel has until June 30, 2016 to pay.

calendar days to respond. Yet, a week later, no response has been forthcoming. Rather, defendants appear to have abandoned this case.

Although "[d]efault is strong medicine," Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 37 (1st Cir. 2012), it is also "an important part of the armamentarium that the law makes available to trial courts," Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). It is well established that "a party who flouts a court order does so at its own peril." Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 37 (1st Cir. 2012). "[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). Therefore, due to defendants' repeated failure to follow court deadlines, disregard of plaintiff's motions, non-compliance with discovery requirements, previously untenable justification for similar conduct, and complete lack of justification for the most recent instances of non-compliance, defendants' answer to the complaint (ECF No. 23) is hereby stricken from the record. Default shall be entered accordingly. All previously ordered sanctions remain applicable.

In light of the foregoing, plaintiff's motion for sanctions under Federal Rule of Civil Procedure 37 (ECF No. 72) is GRANTED IN PART with respect to the request to strike defendants' answer to the complaint, but MOOT IN PART with respect to the request for an order requiring the production of documents. Both plaintiff's motion requesting order (ECF No. 70) and motion to compel the production of documents (ECF No. 68) are MOOT.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 29th of June, 2016.

s/Marcos E. López<br>
U.S. Magistrate Judge