IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO TELEPHONE COMPANY,

    Plaintiff,

        v.                                      CIVIL NO.: 15-1837 (MEL)

EFRAIN J. AYALA RIVERA, et al.,

    Defendants.

**OPINION AND ORDER**

Puerto Rico Telephone Company ("Plaintiff") filed a complaint on June 22, 2015. ECF No. 1. Default was originally entered against the Defendants[1] on August 5, 2015, but this was set aside on August 10, 2015. ECF Nos. 19; 21. The Defendants subsequently filed an answer to the complaint on August 17, 2015. ECF No. 23.[2] However, "due to defendants' repeated failure to follow court deadlines, disregard of plaintiff's motions, non-compliance with discovery requirements, previously untenable justification for similar conduct, and complete lack of

---

[1] The Defendants listed in the complaint are: Efraín Jose Ayala Rivera, Xiomara Rosado Cartagena, the conjugal legal partnership composed by Efraín Jose Ayala Rivera and Xiomara Rosado Cartagena, Top Cellular, Inc., Elvin Ortiz Zayas, Jane Doe 1 (the spouse of Elvin Ortiz Zayas), the conjugal partnership composed by Elvin Ortiz Zayas and Jane Doe 1, Alo Communications Corp., Ingrid Ramos Matos, IR Wireless, Inc., Gilberto Garay Montañez, Jane Doe 2 (the spouse of Gilberto Garay Montañez), the conjugal legal partnership composed by Gilberto Garay Montañez and Jane Doe 2, Cell Comm Corp., Brenda Pinela Fernández, BP Communication, Corp., Waldemar Soto López, Jane Doe 3 (the spouse of Waldemar Soto López), the conjugal legal partnership composed by Waldemar Soto López and Jane Doe 3, JS Cellular Communication, Inc., Defendant John or Jane Roe 1, and Defendant John or Jane Roe 2. ECF No. 1, ¶¶ 4-25.

[2] Plaintiff argues that its motion for sanctions (ECF No. 27) in regards to "[c]ertain patently false allegations contained in the *Answer to the Complaint*" is still pending. ECF No. 77, at 2. However, this motion was denied without prejudice. ECF No. 58. Plaintiff filed a motion for reconsideration, which was subsequently noted by this court. ECF Nos. 63; 69, at 2. The court stated that "[t]he matter may be addressed at the end of the litigation, after conclusive resolution by either dispositive motion or trial." ECF No. 69. Plaintiff argues that the entry of default and the striking of the answer to the complaint does not moot Plaintiff's request for sanctions. ECF No. 77, at 2. However, the prayer for relief in the original motion for sanctions requested that Defendants "withdraw all false allegations attributing to [Plaintiff] and the undersigned the production of documents at issue and, ordering he pay all attorney's fees and costs, including the cost of the expert report." ECF No. 27. By striking the answer to the complaint, the court removed all of Defendants' allegations. Moreover, within this opinion, the court addresses Plaintiff's requests for attorneys' fees and costs regarding the entire case.

justification for the most recent instances of non-compliance," the Defendants' answer to the complaint was stricken from the record and default was entered on June 29, 2016. ECF no. 74, at 5. A default damages and injunctive relief hearing was scheduled for September 12, 2016. ECF No. 76. On September 8, 2016, Plaintiff filed a motion requesting entry of default judgment. ECF No. 77. On that same day, however, Plaintiff also filed a motion to set aside the default damages and injunctive relief hearing that was set for September 12, 2016. ECF No. 78. Plaintiff stated "that the record already contains all that is necessary for the Court to enter a Default judgment," and in regards to damages, "[Plaintiff] submits an Unsworn Statement Under Penalty of Perjury which will allow the Court to adjudicate a reasonable amount of actual damages corresponding to the amount spent in attorney's fees up until this date. No hearing is, therefore, necessary." ECF No. 77, at 3. Plaintiff's prayer for relief requests "that the court issue a judgment against Defendants permanently enjoining them from using the Confidential Information which they illegally obtained and used and awarding [Plaintiff] $69,722.09." ECF No. 77, at 19.[3]

## I.  DEFAULT

"Pursuant to Federal Rule of Civil Procedure 55(b), a party must apply to the Court for a default judgment in cases where default has been entered against the defendant, but the amount of damages is not a sum certain." Benitez-Ruiz v. Hosp. Buen Pastor, Civ. No. 03-1330JP, 2009 WL 2151285, at *1 (D.P.R. July 14, 2009). When necessary to effectuate judgment, "[t]he court may conduct hearings or make referrals" for numerous purposes, including "determin[ing] the amount of damages." Fed. R. Civ. P. 55(b)(2). Entry of default, however, "'constitutes an admission of

---

[3] Attached to Plaintiff's motion requesting entry of default judgment is an unsworn statement under penalty of perjury of Isaac Rivera ("Rivera"). ECF No. 77-1. Since 2013, Rivera has held the position of Finance and Collection Assistant at the law firm of Casellas Alcover & Burgos, P.S.C. ("the firm"), which represents Plaintiff in this case. Id. ¶ 2, 4. Included with this unsworn statement as Exhibits I and II, is documentation that shows that between June 30, 2015, and August 31, 2016, Plaintiff was billed $66,657.09 by the firm, and then an additional $3,065.00, for work done between September 1, 2016, and September 7, 2016. Id. ¶ 7. Thus, a total of $69,722.09 was billed to Plaintiff, the exact amount that Plaintiff is seeking to be awarded for this case.

2

all facts well-pleaded in the complaint'" and precludes a defaulting defendant from contesting liability. See Benitez-Ruiz, No. 03-1330JP, 2009 WL 2151285, at *2 (quoting Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274–75 (D.P.R. 2002)); see also In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) ("[I]t is precisely the right to contest liability that a party gives up when it declines to participate in the judicial process."). Therefore, once default has been entered against a defendant, the only remaining issue for the court is the determination of damages. Benítez-Ruiz, No. 03-1330JP, 2009 WL 2151285, at *2. "Moreover, 'once the entry of a default established the fact of damage, the trial judge . . . has considerable latitude in determining the amount of damages.'" Id. (quoting Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993)). Here, an entry of default was entered against the Defendants on June 29, 2016. ECF Nos. 74; 75. Thus, all that must be determined are the damages, if any, to be awarded.

**II.    DAMAGES**

Plaintiff's motion requesting entry of default judgment seeks relief under the following acts: the Stored Wire and Electronic Communications and Transactional Records Access Act ("Stored Communications Act" or "SCA"), 18 U.S.C. §§ 2701–2712; the Wire and Electronic Communication and Interception of Oral Communications Act ("Wiretap Act"), 18 U.S.C. §§ 2510–2522; the Puerto Rico Commercial and Industrial Secrets Protection Act ("Puerto Rico Protection Act"), P.R. Laws Ann. Tit. 10, § 4131 et seq.; and the Economic Espionage Act, 18 U.S.C. § 1831 et seq. ECF No. 77. The court will consider each in turn.

The Stored Communications Act provides that: "[i]n a civil action under this section, appropriate relief includes . . . **(2)** damages under subsection (c); and **(3)** a reasonable attorney's

fee and other litigation costs reasonably incurred." 18 U.S.C. § 2707(b) (emphasis in original). Subsection (c) goes on to explain that:

> The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court.

Id. § 2707(c). While Plaintiff contends that it suffered damages in excess of $75,000, Plaintiff has not provided evidence to show the actual damages suffered or any profits made by the violator. ECF No. 77, at 11. Moreover, Plaintiff contends in the very next paragraph that the damages amount to "$69,722.09," which is the amount of attorneys' fees that they claim have incurred in this case. Id. at 12. Under the SCA, Plaintiff is entitled to recover no less than $1,000. Yet, Plaintiff has not specified why it should be awarded more than $1,000 in damages. Plaintiff has not cited to any awards given in comparable cases. Moreover, Plaintiff has not provided any evidence to allow the court to quantify the damages; thus, in order to do so, the court would be engaging in pure speculation. The $69,722.09 pertains to attorneys' fees. While Plaintiff provides some case law to argue that attorneys' fees could be interpreted as "loss," the SCA separates damages from costs and attorneys' fees. See ECF No. 77, at 9–11. Thus, the attorneys' fees and litigation costs are separate from actual damages. However, Plaintiff is entitled to reasonable attorneys' fees and other litigation costs as allowed by the Stored Communications Act. This will be discussed below.

Additionally, Plaintiff stated that it alleged in its verified complaint "that Defendants intentionally disclosed and used the contents of [Plaintiff]'s electronic communications." Id. at 11. Thus, based on the allegations in the complaint that the Defendants acted intentionally,

4

punitive damages will be awarded under the SCA.  See ECF No. 1, ¶ 91.  Punitive Damages are awarded in the amount of $1,000 for each non-generically named Defendant, excluding conjugal partnerships.  This includes: Efraín Jose Ayala Rivera, Xiomara Rosado Cartagena, Top Cellular, Inc., Elvin Ortiz Zayas, Alo Communications Corp., Ingrid Ramos Matos, IR Wireless, Inc., Gilberto Garay Montañez, Cell Comm Corp., Brenda Pinela Fernández, BP Communication, Corp., Waldemar Soto López, and JS Cellular Communication, Inc.

Second, the Wiretap Act provides for the recovery of civil damages.  18 U.S.C. § 2520.  The act states that "under this section, appropriate relief includes . . . **(2)** damages under subsection (c) and punitive damages in appropriate cases; and **(3)** a reasonable attorney's fee and other litigation costs reasonably incurred."  Id. § 2520(b).  In the pertinent part of subsection c, and as referenced by the Plaintiff,

> the court may assess as damages whichever is the greater of-- **(A)** the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or **(B)** statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

Id. § 2520(c)(2).  Plaintiff once again states that it "has suffered damages consisting of all costs related to the prosecution of this case" and that these damages amount "to $69,722.09."  ECF No. 77, at 14.  However, this stated amount of "damages" are Plaintiff's alleged attorneys' fees in this case and not "actual damages."  The Plaintiff has not provided evidence to show its actual damages or the profits made by the violator, thus part (A) cannot be calculated.  Moreover, under part (B) Plaintiff has not provided evidence to show how many days of violations occurred.  Thus, the only amount that can be awarded for Plaintiff for statutory damages is that of $10,000, as provided by the statute.  Additionally, Plaintiff is awarded attorneys' fees and other litigation costs as allowed under the statute, as discussed below.

Third, the Plaintiff argues that "a court may grant the Plaintiff damages and attorney's fees" under the Puerto Rico Commercial and Industrial Secrets Protection Act. ECF No. 77, at 15. Plaintiff once again states that "damages in this case amount to $69,722.09." Id. at 16. The section on remedies and damages for this act provides that:

> Except in cases in which there has been a change in position or situation, before the defendant was aware or should have been aware of the concept of misappropriation concerning the information of the industrial or trade secret, and this renders a monetary settlement non-equitable, the plaintiff may recover any material damages sustained because of such misappropriation. The plaintiff may also claim any additional damages caused by any advantage obtained by the defendant as a result of such misappropriation which have not been included in the computation of losses caused by such damages. If unable to prove, to the satisfaction of the court, material damages or damages caused by improper advantage, the court may order the payment of royalties for a term that shall not be longer than the term for which the use of such information would have been prohibited.

P.R. Laws Ann. Tit. 10, § 4137. However, Plaintiff has not provided evidence to show any material damages or any additional damages caused by the Defendants. Moreover, Plaintiff has not provided any evidence to allow the court to make an order for the payment of royalties, nor has the Plaintiff requested that this be done.

Plaintiff argues that it is entitled to treble damages under the Puerto Rico Protection Act because Plaintiff "specifically alleged in the Verified Complaint that Defendants acted intentionally and maliciously in seeking access and using the Report of the Operation of Sales Agents to their economic benefit in the state court case and/or their own benefit." ECF No. 77, at 16. The Puerto Rico Protection Act states that "[t]he court, in its discretion, may fix the sum total for damages in an amount that shall not exceed thrice (3) the proven damages when the court finds that the violation was intentional and perpetrated in bad faith." P.R. Laws Ann. Tit. 10, § 4137. Based on the allegations made in the complaint, the court does make a finding of intentionality here. See ECF No. 1, ¶ 116. However, there have been no proven damages. While this is not an

exhaustive list, the Puerto Rico Protection Act states that elements to be considered for damages for misappropriation of an industrial or trade secret include: "(a) [l]oss of profit for the owner of such information, (b) value of the sum that would have been paid to a consultant to develop such information; (c) depreciation of such information's value as a result of disclosure; (d) developing costs in the process of acquiring such information, or (e) such information's market value." P.R. Laws Ann. Tit. 10, § 4137. Plaintiff has not put the court in a position to evaluate these damages. Thus, treble damages are not awarded to Plaintiff. While the Puerto Rico Protection Act does provide for attorneys' fees, this is in a section separate from that of damages.

In regards to attorneys' fees, the Puerto Rico Protection Act states that "the court shall impose on the claimant, in its ruling, a reasonable sum on account of attorney's fees if the evidence presented proves that such misappropriation by the defendant was intentional and perpetrated in bad faith." P.R. Laws Ann. Tit. 10, § 4138. As stated above, the court has made a finding of intentionality based on the allegations in the complaint. Thus, under this act, as well as the Stored Communications Act and the Wiretap Act, Plaintiff is entitled to reasonable attorneys' fees.

Lastly, Plaintiff's claim for damages under the Economic Espionage Act argues that in May 2016, Congress passed the "Defend Trade Secrets Act," which now allows for "a private cause of action for violations of the Economic Espionage Act." ECF No. 77, at 17. Plaintiff acknowledges that the complaint was filed before the Defend Trade Secrets Act was passed but argues that the complaint contains allegations that the Defendants violated the Economic Espionage Act. However, as implicitly acknowledged by the Plaintiff, there are no claims made in the complaint for a private right of action under the Economic Espionage Act. Therefore, damages will not be awarded for violations to this act.

### III.  ATTORNEYS' FEES AND COSTS

While the various acts allow for different types of damages, in this case, defendant has specifically asked for damages in the amount of $69,722.09.  ECF No. 77, at 12, 14, 16, 19.  This amount is for "all costs related to the prosecution of this case."  ECF Nos. 77, at 14; 77-1, ¶ 7.  Plaintiff is entitled to reasonable attorneys' fees and other litigation costs under the Stored Communications Act, the Wiretap Act, and the Puerto Rico Protection Act.  "A reasonable fee typically is determined through the lodestar method, which involves multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure."  Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337 (1st Cir. 1997)).  The party seeking the award of attorneys' fees has "[t]he obligation to support both the time and rate components."  Spooner v. EEN, Inc., 644 F.3d 62, 68 (1st Cir. 2011) (citing Hensley, 461 U.S. at 433).  "Appropriate supporting documentation includes counsel's contemporaneous time and billing records and information establishing the usual and customary rates in the marketplace for comparably credentialed counsel."  Id. (citing Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295–96 (1st Cir. 2001); United States v. One Star Class Sloop Sailboat, 546 F.3d 26, 40 (1st Cir.2008)).

Plaintiff argued in its motion requesting entry of default judgment that it submitted "an Unsworn Statement Under Penalty of Perjury which will allow the Court to adjudicate a reasonable amount of actual damages corresponding to the amount spent in attorney's fees up until this date."  ECF No. 77, at 3.  However, for a majority of the attorneys' fees that Plaintiff requests, Plaintiff has only provided a statement of account, which gives a billed amount on a monthly basis.  ECF No. 77-1, Exhibit I.  Yet, there is no indication of the amount of hours spent on the case.  For

example, all that is shown for the "Bill Date" of July 31, 2015, is that $5,755.74 was billed. A district court "may discount or disallow the total hours claimed if it determines that the time is insufficiently documented." Torres-Rivera, 524 F.3d at 336 (citing Hensley, 461 U.S. at 433; Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984)). Here, Plaintiff has failed to provide any indication of the time spent on the case and what tasks were worked on between June 2015 and August 2016, but only shows that the client was billed $66,657.09 during that time frame. ECF No. 77-1, Exhibit I. Additionally, the unsworn statement under penalty of perjury of Rivera does not help illuminate this issue as it simply states: "As the **Exhibit I** reflects, between June 30, 2015 and August 31, 2016, the firm has invoiced PRTC $66,657.09 in connection with the representation of PRTC in the prosecution of the matter . . . ." ECF No. 77-1, ¶ 7 (emphasis in original). Therefore, the total hours claimed is insufficiently documented in this case. Moreover, for June 2015 to August 2016, there is no indication of the reasonable hourly rate charged in this case, the attorneys who worked on this case, or what matters the attorneys worked on. Thus, Plaintiff has not provided the court with either of the two necessary components to calculate reasonable attorneys' fees: the number of hours worked and the reasonable hourly rate charged. Therefore, the Plaintiff will not be awarded attorneys' fees for the time frame of June 2015 through August 2016.

However, Plaintiff did provide appropriate supporting documentation for the time frame of September 1, 2016, through September 7, 2016. ECF No. 77-1, Exhibit II. This documentation includes the amount of hours worked on the case, the rate charged, the lawyers who worked on the case, and exactly what matters they were working on for the hours listed. During this time frame, Plaintiff's attorneys worked 17.5 hours at a rate of $170.00, and a half hour at a rate of $180.00.

This comes out to a total of $3,065.00 for a total of 18 hours worked. Plaintiff is therefore awarded $3,065.00 in attorneys' fees for the time period of September 1, 2016, until September 7, 2016.

Furthermore, in a case involving more than one defendant, "the court must take an additional step: it must determine whether the fee award should run jointly and severally against the defendants or, if not, what portion of the award each defendant should bear." Torres-Rivera, 524 F.3d at 337 (Citing Grendel's Den, 749 F.2d at 959). Defense counsel, responding to an order of the court, confirmed that he represented all of the named Defendants listed in the complaint and their respective conjugal partnerships. See ECF No. 56, ¶ 2.[4] Thus, while there were multiple Defendants in this case, the actions taken by their counsel was in representation of all of them. Thus, the fee award in this case shall run jointly and severally against all the Defendants.

Lastly, Plaintiff is also entitled to other litigation expenses and costs. In Rivera's unsworn statement under penalty of perjury, it is stated that Plaintiff's law firm "also paid Xapiens International Group $2,080.00 for the forensic analysis of the CD which Defendants claimed contained the documents at issue in the case. This amount was then billed and paid by [Plaintiff]." ECF No. 77-1, ¶ 8. Attached to this unsworn statement as Exhibit III is an invoice showing that $2,080.00 was paid for a CD disk analysis. Id., Exhibit III. Thus, as part of the reasonable litigation expenses, Plaintiff is awarded $2,080.00. Moreover, costs are to be assessed by the Clerk of Court.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's motion requesting entry of default judgment (ECF

---

[4] There are only two slight differences. First, Plaintiff referred to a "IR Wireless, Inc.," whereas defense counsel referred to a "IRS Wireless, Inc." ECF Nos. 1, ¶ 13; 56, ¶ 2. Second, Plaintiff referred to "Brenda Pinela Fernández" whereas defense counsel referred to "Brenda Pineda-Fernandez." ECF Nos. 1, ¶ 18; 56, ¶ 2.

No. 77) is GRANTED IN PART and DENIED IN PART.[5]  Plaintiff is hereby awarded $1,000.00 in damages under the Stored Communications Act, $10,000.00 in damages under the Wiretap Act, $13,000.00 in punitive damages, $3,065.00 in attorneys' fees, $2,080.00 in expenses, and costs as to be assessed by the Clerk of Court.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 29th day of March, 2018.

s/Marcos E. López  
U.S. Magistrate Judge

---

[5] Plaintiff also requested that the court permanently enjoin the Defendants "from using the Confidential Information which they illegally obtained and used." ECF No. 77, at 19.  The court set a default damages and injunctive relief hearing for September 12, 2016, but the Plaintiff filed a motion to set aside the hearing.  ECF Nos. 76; 78.  However, as a matter of due process, the court is reluctant to grant a permanent injunction without holding a hearing to determine whether the type of injunctive relief requested is warranted, has become academic, or lacks alternative forms of equitable relief.